[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON FOLLOWING MOTIONS:
PLAINTIFF'S MOTION RE: ORDERING OF TRANSCRIPTS AND SUBMISSION OF BRIEF DEFENDANTS MOTION TO SUSPEND THE ORDERING OF TRANSCRIPTS FOR 6 WEEKS DEFENDANTS MOTION FOR BRIEFING SCHEDULE PLAINTIFFS OBJECTION TO MOTION FOR BRIEFING SCHEDULE DEFENDANT'S OBJECTION TO PLAINTIFFS MOTION TO RESCIND PREPARATION OF TRANSCRIPT PLAINTIFF'S RESCISSION OF AGREEMENT RE: SUSPENDING ORDERING OF TRANSCRIPT PLAINTIFF'S RETRACTION OF RECISION
The first motion is with respect to the plaintiff's motion regarding ordering of transcripts and submission of trial brief dated January 23, 1992. That motion is denied, but defendant's counsel, who appeared before the court on February 13, 1992, have agreed to make their copies of the transcripts available at their offices during business hours to the plaintiff subject to the following conditions:
 1. The plaintiff gives 24 hour written notice to the defendant's counsel of the plaintiff's intention to peruse the transcripts in counsel's office.
 2. The plaintiff confirms his intention to do so on the morning of the day he is to read the transcripts.
In the alternative the defendant's counsel has also agreed to provide the plaintiff with copies of the transcripts at thirty ($0.30) cents a page provided (a) he notifies counsel within five days from the date of this order that the plaintiff intends to pursue this alternative rather than peruse the transcripts in the counsel's office.
Should the plaintiff pursue the first alternative of reading the transcripts in the defendant's counsel's office, the plaintiff is not to alter, deface, add to or make notes on the transcripts provided by counsel for his use.
All communications to defendant's counsel should be directed to Attorney Cecelia Buck.
The defendant's motion for order re briefing schedule is denied except that the original order of simultaneous briefs to be filed three weeks after the receipt of the transcripts is changed to four (4) weeks from receipt of the transcripts.
Since defendant's motion for a briefing schedule has been denied, the plaintiff's objection to defendant's motion for order re briefing schedule is granted to that extent only.
On plaintiff's motion to agree with rescinding the suspension CT Page 1218 of the transcript preparation:
As to this motion which is somewhat difficult to rule on, the preparation of transcripts may not be suspended for six weeks since the original agreement was rescinded. The plaintiff's objection concerning his inability to purchase the transcripts, which appears to be inaccurate given the last paragraph of his motion concerning the funds he does have available, is now irrelevant in view of defendant's willingness to either provide him an opportunity to peruse the transcripts or to provide him with copies at thirty cents a page.
The original order, therefore, is amended only to the extent that briefs are expected by the court four (4) weeks after receipt of the last transcript.
MARGARET C. DRISCOLL STATE TRIAL REFEREE